# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN TURNER, | :: | CIVIL ACTION NO. |
| Plaintiff, | :: | 1:07-CV-1623-MHS |
| | :: | |
| v. | :: | |
| | :: | |
| MICHAEL J. ASTRUE, | :: | PRISONER ACTION |
| Comm'r, Social Security Admin., | :: | 28 U.S.C. § 1331 |
| Defendant. | :: | |

## ORDER AND OPINION

Plaintiff filed the instant *pro se* action in the United States District Court for the District of Columbia, which granted Plaintiff's motion for *in forma pauperis* status [Doc. 4] and Defendant's motion to transfer the case here [Doc. 13], pursuant to 42 U.S.C. § 405(g), because Plaintiff resides at the United States Penitentiary in Atlanta, Georgia, within the territory of this Court. The matter is now before the Court for an initial screening.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks

AO 72A
(Rev.8/82)

monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

## II. Plaintiff's Allegations

On October 7, 1999, after his release from federal prison, Plaintiff applied to the Social Security Administration (the SSA) for Supplemental Security Income (SSI) benefits due to his severe leg injury. [Doc. 1.] On October 25, 2002, an

2

AO 72A
(Rev.8/82)

Administrative Law Judge (ALJ) declared Plaintiff "disabled since September 7, 1999, . . . through at least the date of [the ALJ] decision," leaving it to a separate SSA office to determine if Plaintiff met the income and other eligibility requirements for SSI benefits. [Doc. 1 Ex. 1 at 5.] Plaintiff claims that he has never received those benefits, although the Social Security Office in Washington, D.C., informed his "legal representative" in July 2005 that his favorable SSI determination "still stood at that time." [Doc. 1 at 2.] Plaintiff states that his failure to receive SSI benefits amounts to a termination of benefits without notice or a hearing, in violation of his due process rights. [Id. at 2-4.] He seeks a lump sum payment of his allegedly past due SSI benefits, as well as compensatory and punitive damages. [Id. at 4-6.]

### III. Discussion

Although the procedural posture of this case is unclear, including whether Plaintiff exhausted his administrative remedies before filing this action, the federal courts generally have jurisdiction over claims regarding the denial of SSI benefits. See, e.g., Good v. Astrue, No. 07-11089, 2007 U.S. App. LEXIS 22002, at *1 (11th Cir. Sept. 12, 2007) (unpublished opinion) (appeal from district court's affirmance of Social Security Commissioner's denial of disability and SSI benefits). See also Jones v. Bock, _ U.S. _, _, 127 S. Ct. 910, 914, 921 (2007) (holding "that failure to exhaust

3

AO 72A
(Rev.8/82)

[administrative remedies] is an affirmative defense under the PLRA [Prison Litigation Reform Act of 1995], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints," and invalidating a rule "requir[ing] a prisoner to allege and demonstrate exhaustion in his complaint").

The Court expresses no opinion as to whether, and if so how, 42 U.S.C. § 402(x)(1)(A)(i) – which limits payments of Social Security benefits to prisoners – affects Plaintiff's claims herein, but notes that Plaintiff may not collect damages for the alleged violation of his due process rights. See Hardison v. Cohen, 375 F.3d 1262, 1264-65 (11th Cir. 2004) (noting that Supreme Court in Schweiker v. Chilicky, 487 U.S. 412 (1988), declined to allow plaintiffs therein to maintain action for damages based on wrongful termination of Social Security benefits – which they had recovered retroactively, in whole or in part, by pursuing administrative remedies – because there was "no legal basis that would allow a judicially created remedy to supplement the administrative remedy provided by Congress") (internal quotations omitted).

Accordingly, this Court finds, pursuant to 28 U.S.C. § 1915A, that Plaintiff has set forth a viable cause of action to recover his allegedly delinquent SSI benefits. It does not appear beyond doubt that Plaintiff could prove no set of facts that would entitle him to relief. Therefore, in light of the allegations presented, and in deference

4

AO 72A
(Rev.8/82)

to Plaintiff's *pro se* status, **IT IS ORDERED** that his claim for SSI benefits is allowed to **PROCEED** as in any other civil action, but his claim for compensatory and/or punitive damages is **DISMISSED**. Pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk of Court is **DIRECTED** to substitute Michael J. Astrue, the current Commissioner of the Social Security Administration, for Jo Anne B. Barnhart as the Defendant herein.

### IV. Service of Process and Related Matters

Because the Commissioner of the Social Security Administration, the United States Attorney General, and the United States Attorney received service of process in this matter in the United States District Court for the District of Columbia [see Docs. 6, 7], there is no need to effect service again in this Court.

Plaintiff is **DIRECTED** to serve upon Defendant or Defendant's counsel a copy of every additional pleading or other document that is filed with the Clerk of Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or Defendant's counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL PROCEED** on a four (4) month discovery track, beginning thirty (30) days after the appearance of Defendant by answer to the complaint, subject to extension by motion filed prior to the expiration of the discovery period. See N.D. Ga., LR 26.2.A., LR 26.2.B.

**IT IS SO ORDERED** this 30 day of Oct, 2007.

MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE